IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 12-06338(ESL) |
| GULFCOAST IRREVOCABLE TRUST | : | CHAPTER 11 |
| | : | |
| Debtor | : | |
| _____ | : | |
| IN RE: | : | CASE NO. 12-06339(ESL) |
| GULFCOAST IRREVOCABLE TRUST XIV | : | CHAPTER 11 |
| | : | |
| Debtor | : | |
| _____ | : | |
| IN RE: | : | CASE NO. 12-06340(ESL) |
| GULFCOAST IRREVOCABLE TRUST XIX | : | CHAPTER 11 |
| | : | |
| Debtor | : | |
| _____ | : | |

OPINION AND ORDER

The above captioned cases are before the court upon the motion to dismiss filed by the Federal Deposit Insurance Corporation, as receiver for Westernbank Puerto Rico ("FDIC-R"), on the grounds that the debtors are not valid business trusts and are, thus, not authorized to file a bankruptcy petition. The motion was filed in each petition. The debtors have opposed alleging that the debtors meet the flexible criteria required to be considered a business trust.

Background

On August 10, 2012, GULFCOAST IRREVOCABLE TRUST I, GULFCOAST IRREVOCABLE TRUST XIV, and GULFCOAST IRREVOCABLE TRUST XIX (the "Trusts" or "Debtors") filed voluntary bankruptcy petitions under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Puerto Rico. Debtors claim in their petition to be business trusts. The trusts were formed pursuant to a "Trust Agreement" executed on May 16, 1988 for GULFCOAST IRREVOCABLE TRUST I; October 3, 1999 for GULFCOAST IRREVOCABLE TRUST XIV; and June 28, 2005 for GULFCOAST IRREVOCABLE TRUST XIX. The "trust

agreements" are essentially the same in their context. Therefore, they will all be jointly addressed in this opinion and order.

The Trusts

The trust agreements were executed by Mr. Michael J. Scarfia (" Mr. Scarfia"), as settlor, and Mr. Michael J. Scarfia, as trustee. Thus, Mr. Scarfia is both the settlor and the trustee. The settlor transfers to the trustee without consideration, the property which constitutes the trust estate. The trusts are irrevocable. The trustee, Michael J. Scarfia, shall pay to the settlor, Michael J. Scarfia, during his life all the net income from the trust estate. In addition to income, the trustee may pay the settlor the principal of the trust estate that may be needed for his maintenance and support, including his funeral expenses.

Upon the death of the settlor, all the trust income and principal will be paid to Mr. Scarfia's heirs in the amounts and conditions specified in the trust agreement.

Article IV of the trust agreements defines the powers of the trustee relative to the trust estates. The trustee has virtually unlimited power to retain assets, make investments, manage securities, operate or otherwise dispose of the trust estate, borrow funds and encumber the trust estate, procure whatever insurance the trustee deems appropriate, adjust claims, commence or defend litigation, pay administrative expenses, and employ attorneys or other professional persons. The limitations on the trustee's powers are that the same are only on a fiduciary capacity, and may enter into transactions that are not for less than an adequate consideration in money. However, in the following article (Article V. Duties and Compensation of the Trustee) the trustee is given freedom to determine what is the income, expenses and transfers of principal that will be effectuated; and "[n]o one dealing with the Trustee need inquire concerning the validity of anything he purports to do, or need see to the application of any money paid or any property transferred to or on the order of the Trustee."

"Upon the death of the Trustee, the personal representative of the deceased Trustee's estate[s] shall become the Successor Trustee for the deceased Trustee." Upon the successor trustee's resignation, the designation of a successor trustee will be made in accordance to the laws of Florida. The trust agreements are governed by laws of the State of Florida.

Gulfcoast Irrevocable Trust I (Case no. 12-06338) serves as the holding company and own

2

100% of the shares of Gibraltar Construction Company, Inc., Gibraltar Development Corp., and Gulfcoast Contractors, Inc. Gulfcoast Irrevocable Trust XIV (Case no. 12-06339) serves as holding company and owns 50% of the shares of Yasscar Caguas Development, Corp. and Yasscar Development, Corp. Gulfcoast Irrevocable Trust XIX (Case no. 12-06340) is the holding company and owns 49.5% of the shares of JM Ponce III, LP, S.E. The corporations owned by the Debtors, as a holding company and owner of shares, do business in Puerto Rico.

The Debtors as a separate legal entity are not actually operating as a business as their monthly report of operations on file show no or minimal expenses or cash flow. The Trusts are merely holding companies of affiliates operating in Puerto Rico.

<u>Eligibility to file a bankruptcy petition</u>

Section 109 determines who may be a debtor under the several chapters in the Bankruptcy Code. Pursuant to section 109(a) "only a person that resides or has a domicile, a place of business, or property in the United States or a municipality, may be a debtor under this title." The term "person" includes an individual, partnership and corporation. 11 U.S.C. §101(41). The term "corporation" includes a business trust. 11 U.S.C. §101(9)(A)(v). Thus, a debtor, created as a trust, to be eligible to file a bankruptcy petition must qualify as a business trust. If the debtor is not a business trust, then it is not eligible to file a bankruptcy petition.

Business trusts are considered to be in the nature of a corporation, with a legal existence separate from the trustee. Generally, in order to be considered a business trust, the trust must have attributes of a corporation and have been formed primarily for a business purpose. <u>In re Parade Realty, Inc., Employees Retirement Pension Trust</u>, 134 B.R. 7 (Bankr. D. Haw. 1991); <u>In re Treasure Island Land Trust</u>, 2 B.R. 332 (Bankr. M.D. Fla. 1980). Some courts look at whether the trust's assets are freely transferable and whether there are outside participants. <u>In re McCarthy</u>, 312 B.R. 413 (Bankr. D. Nev 2004); <u>In re Woodsville Realty Trust</u>, 120 B.R. 2 (Bankr. N.H. 1990). Trusts which are an estate planning device or a family trust are not business trusts. <u>In re Medallion Realty Trust</u>, 103 B.R. 8 (Bankr. D. Mass. 1999); <u>In re Jay M. Weisman Irrevocable Children's Trust of 1981</u>, 62 B.R. 286 (Bankr. M.D. Fla 1986); <u>In re Hughes Living Trust</u>, 305 B.R. 59 (Bankr. W.D. Okla. 2004); <u>In re Sung Soo Rim Irrevocable Intervivos Trust</u>, 177 B.R. 673 (Bankr. C.D. Cal. 1995); <u>In re St.</u>

Augustine Trust, 109 B.R. 494 (Bankr. M.D. Fla. 1990).

The text in the trust agreements for the debtors shows *prima facie* that the same are family trusts designed as an estate planning device.  As such, the Trusts are not business trusts that qualify to file a bankruptcy petition because the same may not considered to be a corporation.  Moreover, even if related or affiliate corporations may be eligible to file for bankruptcy, "[t]he filing of a petition by a parent does not have the effect of filing a petition for bankruptcy on behalf of subsidiary corporations.[] Each corporate entity is separate for bankruptcy purposes." [Citations omitted] Hon. Nancy C. Dreher and Hon. Joan Feeney, Bankruptcy Law Manual §3.4 (5th ed. 2012).  The fact that the Debtors may own the total or a percentage of shares in corporations that have filed for or may be eligible to file a bankruptcy petition does not mean that the Trusts, as holders of the shares, are themselves eligible to file a bankruptcy petition.

Notwithstanding, as argued by the debtors, a determination that a trust is or is not a business trust is fact specific and must be based on the totality of the circumstances.  Consequently, the court hereby concludes that FDIC-R has met its initial burden of showing that the trusts are not business trusts based on a reading of the trust agreements. However, the Debtors should be afforded an opportunity to present evidence to the contrary.

Conclusion

At this time the court will not schedule an evidentiary hearing.  The court orders the Debtors to file a memorandum detailing what are the facts it would present to rebut the conclusion that debtors are not business trusts.  Each factual proffer must include a sworn statement summarizing the testimony of an identified witness or a document in support thereof.  Debtors shall file their memorandum and proffer of evidence within 21 days.  FDIC-R shall reply within 14 days thereafter.

The court may schedule an actual hearing if the duly supported factual proffers so warrant.

SO ORDERED.

In San Juan, Puerto Rico, this 30th  day of November, 2012.

Enrique S. Lamoutte
United States Bankruptcy Court